UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE A. ROYAL,

                                    Plaintiff,

                                                                    9:11-CV-0057
          v.                                                        (TJM/GHL)

O.C.D.C. MEDICAL STAFF,

                                    Defendant.
_____

APPEARANCES:

WILLIE A. ROYAL
Plaintiff, *Pro Se*
84000979
Onondaga County Correctional Facility
6660 East Seneca Turnpike
Jamesville, New York 13078

THOMAS J. McAVOY
Senior U.S. District Judge

## DECISION AND ORDER

**I.     Introduction**

          By Memorandum-Decision and Order of this Court, *pro se* plaintiff Willie A. Royal was advised

that his complaint was subject to dismissal in accordance with 29 U.S.C. § 1915(e)(2)(B) for failure to

state a claim against one or more named defendants upon which relief could be granted by this Court.

Dkt. No. 5.  In light of his *pro se* status, plaintiff was afforded the opportunity to file an amended

complaint if he wished to avoid dismissal of this action.  *Id.* at 6-7.[1]

          Plaintiff's amended complaint is presently before this Court for review.  See Dkt. No. 9.

_____

          [1]  Plaintiff was also granted leave to proceed with this action *in forma pauperis*.  Dkt. No. 5 at 8.

In his original complaint, plaintiff alleged that medical personnel at Onondaga County Correctional Facility failed to provide him with proper medical care. Dkt. No. 1 at 3. According to plaintiff, although he arrived at the correctional facility on September 16, 2010 with his medical records, and advised staff upon his arrival that he suffers from seizures and requires daily medication, no medication was provided. *Id.* Plaintiff states that he suffered a "very severe and aggressive seizure" six days later, and sustained serious injuries to his tongue, arm, shoulder and back. *Id.* at 3-4. Plaintiff also claimed that he did not receive adequate treatment for the injuries suffered during the seizure, and sought an award of money damages for "negligence, personal injury, pain and suffering, and malpractice." *Id.* at 5.

Upon review of the complaint in accordance with § 1915(e)(2)(B), this Court concluded that the allegations set forth therein were not sufficient to state a claim for the violation of plaintiff's Eighth Amendment right to proper and adequate medical care. *Id.* at 6. As discussed by the Court in its prior Order, "[b]ecause the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). Rather, as plaintiff was advised, in order to state a claim for deliberate in difference, a plaintiff must allege a deprivation that is, in objective terms, "sufficiently serious," and must also claim that the defendant(s) acted with "a sufficiently culpable state of mind." Dkt. No. 5 at 4 (*citing Hathaway v. Coughlin*, 37 F.3d 63 (2d Cir. 1994)).[2] In addition, plaintiff was advised that "O.C.D.C. Medical Staff" is not a proper defendant in

---

[2] Thus, a physician who "delay[s] . . . treatment based on a bad diagnosis or erroneous calculus of risks and costs" does not exhibit the mental state necessary for deliberate indifference. *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000). Likewise, an inmate who disagrees with the physician over the appropriate course of treatment has no claim under § 1983 if the treatment provided is "adequate."

this action and that he must identify the specific individuals who he believes violated his constitutional rights in September, 2010. Dkt. No. 5 at 5-6.

Plaintiff filed an amended complaint naming "Patricia Henry, Supervisor, O.C.D.C. Medical" as the defendant. Dkt. No. 9 at 1. Plaintiff does not allege that Henry was personally involved in his medical care in September, 2010; rather, he alleges only that she "oversees all functions of the medical unit of the OCDC facility." Dkt. No. 9 at 6. The facts alleged by plaintiff in his amended complaint regarding the September 2010 incident remain essentially unchanged from the facts he alleged in his original complaint. *Id*. at 4-5. Significantly, plaintiff does not allege in his amended complaint that medical staff acted with "deliberate indifference" toward him, and states only that he seeks damages for "negligence, personal injury, pain and suffering and malpractice." *Id*. at 8. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

Upon due consideration and reading the pleadings in the light most favorable to plaintiff, the Court finds that plaintiff has not alleged facts in his amended complaint against one or more named defendants which, if proven, might sustain a claim that they were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

WHEREFORE it is hereby

ORDERED that this action is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(e); and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff .

IT IS SO ORDERED.

---

*Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

4

Date: November 9, 2011

Thomas J. McAvoy
Senior, U.S. District Judge